BRYANT B. WESLEY, by his Next Friend, JOHN WESLEY v.
CHARLIE M. LEA.

(Filed 18 May, 1960.)

**1. Master and Servant § 47—**

An injury sustained by a member of the North Carolina National Guard while on active duty is compensable under the Workmen's Compensation Act. G.S. 97-2(2).

**2. Master and Servant § 84—**

The Industrial Commission has exclusive original jurisdiction of a claim by a National guardsman for injuries received while on active duty, resulting from the negligence of another guardsman while on active duty. G.S. 97-10.

**3. Same— Injury to guardsman held to have been inflicted during the course of duty and not while the parties were pursuing private purpose.**

Where National guardsmen, after reporting for duty, are ordered to travel in convoy to a designated place in the line of duty, some of the guardsmen driving their private cars without compensation in compliance with the request of their commanding officer, the fact that, as the convoy approached its destination, the driver of one of the private cars breaks convoy in violation of regulations and follows the car of a Sergeant on a longer, alternate route in order to avoid the dust thrown up by the preceding army vehicle, is not such a deviation from the course of duty as to constitute an abandonment of drill for the pursuit of a private purpose, since the drivers were not undertaking to do something outside the duty they had been detailed to perform but were merely using an alternate means of performing that duty.

**4. Same—**

A negligent injury inflicted by one employee upon another in the course of their employments is within the exclusive jurisdiction of the Industrial Commission, notwithstanding that the negligence of the one may have been reckless and wanton, it being required that the injury be intentionally inflicted in order for the injured employee to be entitled to maintain an action at common law against the other.

**5. Appeal and Error § 25—**

Where plaintiff does not object or except to the issue submitted and tenders no issue, plaintiff may not object to the form of the issue submitted by the court.

**6. Trial § 36—**

While the trial court is required to submit such issues as are necessary to settle the material controversies arising on the pleadings, where the issue submitted is determinative of the controversy and permits the parties to present all contentions arising upon the pleadings and evidence, an exception to the issue submitted cannot be sustained.

**7. Trial § 30—**

Where the uncontradicted evidence tends to establish facts precluding recovery, the court may correctly instruct the jury that if they believe the evidence they should answer the issue accordingly.

APPEAL by plaintiff from *Craven, J.,* October 1959 Civil Term, of PERSON.

This is an action to recover damages for personal injuries sustained by plaintiff by reason of the alleged actionable negligence of defendant.

The evidence offered at the trial is summarized as follows:

On Saturday, 25 May 1957, plaintiff and defendant were members of Company D, 139th Infantry, Roxboro National Guard. Plaintiff was a "private" and defendant's rank was "specialist." They reported for duty to Lieutenant G. P. Allen, Commanding Officer, at the Roxboro Armory on the above date at 7:00 A. M.

After muster the Company was ordered to proceed to the training site at Camp Butner for drill on Saturday and Sunday. The kitchen detail was ordered to go ahead, set up equipment and cook dinner. Plaintiff and defendant were in this outfit. There were insufficient military vehicles to transport all personnel. Defendant was requested to drive his private automobile, but the National Guard was to incur no expense for operation of the car and no liability for any damage to the car. Defendant was told to ride in either a military vehicle or a private car. Plaintiff and two others rode with defendant.

The Company rule was that military personnel on drill should proceed in convoy. The kitchen detail left Roxboro in convoy. A National Guard Army truck was in the lead. It was followed by a line of private cars. They traveled the Oxford Road to the Moriah Road and followed that road to Copley's Corner. Copley's Corner is about six miles from Camp Butner.

At Copley's Corner the truck turned off Moriah Road onto a dirt road for the purpose of proceeding to the Range Road and by that road to the training site. The Army truck is a vehicle of two and one-half tons and has dual wheels which throw up a great deal of dust on a dirt road. The Range Road is also a dirt road.

At Copley's Corner Sergeant Gentry broke convoy and continued on Moriah Road, a paved road. Defendant also broke convoy and

followed the Sergeant's car. No one had been given permission to break the convoy. Four miles from Copley's Corner a dirt road intersects Moriah Road. This dirt road leads into the Range Road near Camp Butner. Defendant testified that he planned to follow this route to avoid dust from the Army truck. This route is about two miles longer than the one taken by the truck.

Sergeant Gentry's car proceeded at a rapid rate of speed and the defendant followed apace. In rounding a curve on Moriah Road about three miles from Copley's Corner, defendant's car left the road, struck a telephone pole and overturned. Plaintiff testified that defendant's speed at the time of the accident was 85 to 95 miles per hour. Defendant's version was from 60 to 65 miles per hour. Plaintiff received serious and painful injuries, including severe burns.

The court submitted the following issue to the jury:

"1. Were the plaintiff and defendant each on duty at drill as members of the North Carolina National Guard at the time of the accident and was plaintiff injured by collision arising in the course of and out of the scope of his employment?"

The judge instructed the jury: "If you find the facts to be as all of the evidence in this case tends to show, it would be your duty to answer this issue or question affirmatively, that is to say, 'yes.'"

The jury answered the issue "yes." Judgment was entered declaring that the plaintiff "recover nothing . . . by reason of his action." Plaintiff appealed and assigned errors.

*Donald J. Dorey, R. B. Dawes, Jr., and R. B. Dawes, Sr., for plaintiff.*
*Spears, Spears & Powe for defendant.*

MOORE, J. The ultimate question for decision on this appeal is whether the trial court had jurisdiction to proceed to judgment in the common law action for damages for personal injuries arising from alleged actionable negligence, or whether the action is in the exclusive original jurisdiction of the Industrial Commission under the Workmen's Compensation Act, G.S. 97-1 *et seq.*

If the trial court had jurisdiction, plaintiff has made out a *prima facie* case of injury by reason of the actionable negligence of defendant.

An injury sustained by a member of the North Carolina National Guard while on active duty is compensable under the Workmen's Compensation Act. "The term 'employee' shall include members of the North Carolina National Guard . . . and members of the North Carolina State Guard, and members of these organizations shall be

entitled to compensation for injuries arising out of and in the course of the performance of their duties at drill, in camp, or on special duty . . ." G.S. 97-2(2).

". . . (a)n employee, subject to the provisions of a Workmen's Compensation Act, whose injury arose out of and in the course of his employment, cannot maintain an action at common law against his co-employee whose negligence caused the injury. . . . To hold otherwise would, in a large measure, defeat the very purposes for which our Workmen's Compensation Act was enacted. Instead of transferring from the worker to the industry, or business in which he is employed, and ultimately to the consuming public, a greater proportion of the economic loss due to accidents sustained by him arising out of and in the course of his employment, we would, under the provisions for subrogation contained in our Workmen's Compensation Act, G.S. 97-10, transfer this burden to those conducting the business of the employer to the extent of their solvency. The Legislature never intended that officers, agents, and employees conducting the business of the employer, should so underwrite this economic loss." *Warner v. Leder*, 234 N.C. 727, 732, 69 S.E. 2d 6.

In the instant case, if plaintiff's injury arose out of and in the course of his duties at drill and was caused by the negligence of defendant, while also performing his duties at drill, claim for compensation for the injury is in the exclusive original jurisdiction of the Industrial Commission. G.S. 97-10.

Plaintiff and defendant were, at the time of the injury complained of, members of the North Carolina National Guard. They reported for duty at the Roxboro Armory at 7:00 A. M. on the day in question. After muster they were ordered by the Commanding Officer to proceed to the training site at Camp Butner and there perform duties as members of the kitchen detail in preparation of the noonday meal. Defendant was requested to drive his private car, without compensation, and consented. Plaintiff had authority to ride with him. Before arrival at Camp Butner there was an accident due to defendant's negligence in the operation of his car and plaintiff was injured. Plaintiff was on duty at drill under orders which he was in the act of carrying out when he was injured. His injury arose out of and in the course of his employment. Defendant was likewise on duty at drill, unless, as contended by plaintiff, he had deviated from the course of his employment and was "on a frolic of his own." *Hunt v. State*, 201 N.C. 707, 161 S.E. 203, has no application to this case. There the National guardsman was using his private car to reach encampment, had not reported for duty and was performing no duty at drill.

The crux of our inquiry is whether defendant had deviated from the course of his duty and, at the time of the accident, had abandoned drill and was in pursuit of purposes of his own. The facts are not in dispute. Company rules provided that vehicles on drill should proceed in convoy. At Copley's Corner Sergeant Gentry broke convoy and defendant, who was immediately behind the Sergeant, also broke convoy and followed the Sergeant. The only explanation of defendant's action in breaking convoy and following the Sergeant is from defendant himself. He stated that he intended to take an alternate route to Camp Butner, about two miles longer than the one followed by the convoy, to avoid the dust which the Army truck would create in traversing the dirt road from Copley's Corner to Camp Butner. Part of the route being followed by defendant was paved. Defendant was driving at a high rate of speed and for this reason his vehicle left the road at a curve and the accident and the injury to plaintiff ensued.

We do not think that these uncontradicted facts are sufficient to show an abandonment of drill and deviation from the course of employment by defendant. "It is universally held that 'the master is not responsible if the wrong done by the servant is done without his authority and not for the purpose of executing his orders or doing his work. So that, if the servant, wholly for a purpose of his own, disregarding the object for which he is employed, and not intending by his act to execute it, does an injury to another, not within the scope of his employment, the master is not liable.' *Howe v. Newmarch*, 94 Mass., 49." *Martin v. Bus Line*, 197 N.C. 720, 722, 150 S.E. 501. It is conceded that defendant had no authority to break convoy, but there is no evidence that his act in so doing was not for the purpose of executing his orders to proceed to Camp Butner and there engage in his duties as a member of the kitchen detail. Indeed, all of the evidence is to the effect that it was his intention to carry out his orders. Furthermore, he was following his superior, Sergeant Gentry. It does not appear that he was disregarding the object for which he had been detailed. It is true that defendant had the incidental purpose of avoiding dust and thereby was contributing to his own personal comfort. Such purpose does not constitute a deviation from the object of his mission. *Parrish v. Armour & Co.*, 200 N.C. 654, 158 S.E. 188. Defendant broke convoy in violation of the Company rule, but this was nothing more than an act of negligence. He did not undertake thereby to do something outside the duty he had been detailed to perform. It was merely an alternate means of performing that duty and en-

tailed disobedience of a regulation with respect to procedure. *Howell v. Fuel Co.,* 226 N.C. 730, 40 S.E. 2d 197.

Plaintiff contends that the conduct of defendant in the operation of the car was not merely negligent, but was reckless and wanton. But to take the case out of the Workmen's Compensation Act the injury to an employee by a co-employee must be intentional. *Warren v. Leder, supra,* at page 733. There is no evidence of any intention on the part of defendant to injure plaintiff.

Plaintiff assigns as error the submission of the issue set out in the record. He did not object or except to the submission of the issue and tendered none. "Where there are no objections or exceptions in the lower court to the issue submitted, or to the court's refusal to submit issues tendered, appellant may not challenge the issues for the first time on appeal in his assignments of error." 1 Strong: N. C. Index, Appeal and Error, sec. 25, p. 102; *Walker v. Walker,* 238 N.C. 299, 300, 77 S.E. 2d 715.

But plaintiff maintains that the issue is insufficient to determine the question presented. He insists that an issue should have been submitted to determine whether or not plaintiff's injury arose out of and in the course of *defendant's* employment. "It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings." *Griffin v. Insurance Co.,* 225 N.C. 684, 686, 36 S.E. 2d 225. It is our opinion, and we so hold, that the issue was sufficient. In the first place, it is framed so as to determine whether both plaintiff and defendant were on duty at drill at the time of the injury, that is, whether both were engaged in carrying on the work for which they were employed and were co-employees. Next, it inquires whether plaintiff's injury arose out of and in the course of his employment. The answer to the issue determines the question of jurisdiction. The answer was in the affirmative and this deprives the trial court of jurisdiction of the cause of action.

Plaintiff also assigns as error the peremptory instruction given by the court. The facts are not in conflict. "If the evidence is all one way, and there is no conflict, the judge may say to the jury that, if they believe the evidence, they may find a certain verdict, but he cannot direct them that they must so find from the evidence." 2 McIntosh: North Carolina Practice and Procedure, sec. 1516, p. 53; *Bank v. Noble,* 203 N.C. 300, 302, 165 S.E. 722. The trial judge complied with the approved rule of procedure.

In the trial below we find

No error.