569 P.2d 1323 (1977)
Robert ELLIOTT and Gaylan Olson, Appellants,
v.
Stanley F. BROWN and Paxson Lodge, Inc., Appellees.
No. 2835.
Supreme Court of Alaska.
October 14, 1977.
*1325 Joseph W. Sheehan, Fairbanks, for appellants.
Burton C. Biss, of Biss & Holmes, Anchorage, for appellees.
Before BOOCHEVER, C.J., CONNOR and BURKE, JJ., and DIMOND, J. Pro Tem.

*1324 OPINION
CONNOR, Justice.
This is an action by two employees against their employer for an assault and battery inflicted upon them. We must decide whether workmen's compensation is the exclusive remedy and, if not, whether prior proceedings before the workmen's compensation board nevertheless bar this suit.
Plaintiffs and appellants Robert Elliott and Gaylan Olson were employed as kitchen workers at the Paxson Lodge on the Richardson Highway. The lodge was owned and operated by defendant and appellee Paxson Lodge, Inc. (Paxson). The other defendant and appellee, Stanley F. Brown, was manager of the lodge and owned 50 percent of the shares of the corporation.
On September 6, 1974, in the room which Elliott and Olson shared on the premises, Brown shoved Olson and hit Elliott. He was apparently upset that Elliott was not at work due to illness. Brown pleaded guilty to assault and battery and was placed on six months' probation, with suspended imposition of sentence.
Olson filed a workmen's compensation claim. Elliott did not. Olson was awarded $5,670.91 compensation under the workmen's compensation act.
Thereafter Elliott and Olson filed this suit. Cross-motions for summary judgment were filed. The defendants relied on the workmen's compensation award both as providing the exclusive statutory remedy and as res judicata and collateral estoppel. The plaintiffs relied on Brown's guilty plea as an admission, and on the vicarious liability of the corporation. On February 17, 1976, the trial court granted the defendants' motion and denied the plaintiffs'. It held that the action against Paxson was barred by the statutory exclusivity of workmen's compensation, and the action against Brown by collateral estoppel. The plaintiffs appealed.

I
Paxson Lodge, Inc. was the employer of Elliott and Olson. They seek to hold it vicariously liable for the acts of its managerial employee, Brown, and apparently also seek to hold it liable on the theory that it is the alter ego of Brown.
Paxson is not vicariously liable to Elliott and Olson in this action for the acts of its managerial employee, Brown. AS 23.30.055 makes workmen's compensation the exclusive remedy against the employer for compensable injuries. AS 23.30.265(13) defines compensable injuries to include "an injury caused by the wilful act of a third person directed against an employee because of his employment." We have never considered whether a supervisory employee is a "third person" within this definition. We now hold that a supervisor is such a third person, *1326 and so workmen's compensation is the exclusive remedy against the employer.[1]
Both philosophical and practical considerations support this conclusion. Since the employer's liability would only be vicarious, we are not insulating it against common-law liability for its own wilful acts. Vicarious liability does not rest on any form of moral culpability of the corporation. Furthermore, the beneficial effect of the rule that workmen's compensation is the exclusive remedy in workplace fight cases would be largely destroyed if every case required an inquiry into the relative rank of the assailant and victim, an inquiry which is not relevant to the question whether the quarrel was work-related. See generally 2A A. Larson, The Law of Workmen's Compensation § 68.21 (1976).
Principally for these reasons, most courts which have considered this question have held that workmen's compensation is the exclusive remedy in these circumstances. E.g., Burkhart v. Wells Electronics Corp., 139 Ind. App. 658, 215 N.E.2d 879 (1966); McGrew v. Consolidated Freightways, Inc., 141 Mont. 324, 377 P.2d 350 (1963).
Nor do the facts indicate that the corporation is Brown's alter ego, so that the corporate veil may be pierced and the corporation's assets made liable for his intentional torts.
The corporate veil may not be pierced merely because Brown controls the activities of the corporation. Rather, the veil may be pierced only if the corporate form is used "to defeat public convenience, justify wrong, commit fraud, or defend crime." Jackson v. General Electric Co., 514 P.2d 1170, 1172-73 (Alaska 1973). See generally N. Lattin, The Law of Corporations § 14 (2d ed. 1971), and sources there cited. In Jackson we affirmed the trial court's conclusion that a subsidiary corporation was not the alter ego of its parent corporation. We there refused to pierce the veil and hold the parent liable for an intentional tort committed by the subsidiary, despite evidence of a very close relationship between the two corporations.
The record in this case reveals that Brown is the president of the corporation and owns 50 percent of its shares. The owner of the other half resides in Seattle, Washington, while Brown resides on and manages the premises. Brown is a salaried employee of the corporation.
Whatever these facts might suggest concerning Brown's control of the corporation, they do not present a contested issue of fact concerning the application of the alter ego doctrine. This doctrine requires considerably more than mere control; it exists to prevent a party from obtaining an advantage through deceptive or manipulative conduct. There is no evidence of such conduct in this case. Therefore, we hold that the alter ego doctrine does not constitute a ground for reversal of the superior court's summary judgment in favor of the corporation.

II
We must next consider whether Brown may be personally liable to the plaintiffs, or whether the exclusivity of workmen's compensation bars their action against him also. Under AS 23.30.055, workmen's compensation is the exclusive remedy and bars a common-law action against a fellow employee.[2] The statute is not by its terms limited to negligent acts, and we must consider whether it makes workmen's compensation the exclusive remedy for the intentional torts of a fellow employee. Courts have divided on this *1327 question. Compare, e.g., Herndon v. UAW Local No. 3, 56 Mich. App. 435, 224 N.W.2d 334 (1974) (compensation exclusive), with, e.g., Williams v. Smith, 222 Tenn. 284, 435 S.W.2d 808 (1968) (common law action not barred). See Annot., 21 A.L.R.3d 845, 880-81 § 11 (1968 & Supp. 1976).
We have concluded that the compensation remedy should not be exclusive when an employee commits an intentional tort on a fellow worker. The socially beneficial purpose of the workmen's compensation law would not be furthered by allowing a person who commits an intentional tort to use the compensation law as a shield against liability. See Bryan v. Utah International, 533 P.2d 892, 894 (Utah 1975). Workmen's compensation benefits are paid from employers' premiums, as a means of spreading the cost of hazards of the workplace. We do not believe it would be wise public policy to allow an intentional tortfeasor to shift his liability for his acts to such a fund. Assaults by fellow workers differ not in degree but in kind from the type of harm the statute was enacted to deal with.
Courts in other jurisdictions have held that such assaults, though accidental from the standpoint of the employee, are not accidental from the standpoint of the tortfeasor. See 2A A. Larson, Workmen's Compensation, Sec. 68.11. Therefore, such assaults can be considered as falling outside the purview of the "accidental" injuries covered by the act.
We agree with the superior court that the plaintiffs should be entitled to maintain this common-law tort action against Brown, unless it is barred for some other reason. We now turn to consideration of those other grounds which Brown offers in defense of the judgment below.

III
Gaylan Olson was awarded workmen's compensation benefits for the injuries which are the subject of this action. The compensation was awarded between the time this civil action was filed and the trial court's ruling on the motions for summary judgment. The trial court concluded that Olson was therefore barred by an election of remedies from pursuing this civil action.
AS 23.30.015(a) states that:
"If on account of disability or death for which compensation is payable under this chapter the person entitled to the compensation believes that a third person other than the employer or a fellow employee is liable for damages, he need not elect whether to receive compensation or to recover damages from the third person." (Emphasis added)
By negative implication, this statute indicates that the injured worker must elect either the common law or statutory remedy when he is injured by a fellow employee. This is the general rule in other states. E.g., Carter v. Superior Court, 142 Cal. App.2d 350, 298 P.2d 598 (1956). See Larson, supra, § 67.22 at 12-46 to -47.
Nevertheless we are persuaded toward a different conclusion. When an employer or fellow employee commits an intentional tort, he can be considered to be outside the purview of the statute and can be treated as a third person. The same reasons apply for treating the fellow employee as a third person under the election of remedies provision as under the exclusive remedy provision. We have held that the exclusivity provision of AS 23.30.055 does not protect a fellow employee committing an intentional tort, despite the statute's use of the terms "employer and any fellow employee." Logically we must adopt the same construction as to the identical phrase in AS 23.30.015.
We hold that Olson was not barred from suit against Brown because of Olson's recovery of workmen's compensation benefits. It follows that the summary judgment in favor of Brown must be reversed.

IV
Robert Elliott did not file a workmen's compensation claim. The trial court *1328 overlooked this, and also ruled against him on the basis of an election of remedies. This was error.
Appellees contend that the judgment against Elliott nevertheless ought to be affirmed because Elliott was in privity with Olson and therefore his action should be barred by the principle of collateral estoppel. But Elliott's participation in Olson's compensation claim was limited to testifying as a witness. Elliott had no control over Olson's claim. In such circumstances he cannot be collaterally estopped. See American Safety Flight Systems, Inc. v. Garrett Corp., 528 F.2d 288 (9th Cir.1975); 1B Moore's Federal Practice ¶ 0.411[6] at 1564 (2d ed. 1974).
Moreover, our holdings as to Olson would, in any event, apply in favor of Elliott.
In summary, we reverse the trial court's grant of summary judgment against plaintiffs. In all other respects, the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
RABINOWITZ, J., not participating.
BURKE, Justice, dissenting in part.
I heartily agree with the majority's belief "that the compensation remedy should not be exclusive when an employee commits an intentional tort on a fellow worker." However, the fact that we believe there should be a common law remedy is not sufficient, in my opinion, to overcome the legislature's authority to provide otherwise.
In language too plain to be misunderstood, the legislature has determined, in AS 23.30.055, that:
The liability of an employer [to pay workmen's compensation] is exclusive and in place of all other liability of the employer and any fellow employee to the employee. ... (emphasis added)
Thus, I would hold that the plaintiffs' action against Brown is barred by the exclusive remedy provisions of the Workmen's Compensation Act. I would do so reluctantly and only out of a deep respect for the doctrine of separation of powers. But, the legislature's wisdom, or lack of it, in enacting AS 23.30.055, is not a proper subject for review by this court.
Otherwise, I concur.
NOTES
[1] Our conclusion is dictated by Ransom v. Haner, 362 P.2d 282 (Alaska 1961), and the subsequent amendments to the act in 1962. See Ch. 42 Secs. 1 and 7, SLA 1962.
[2] AS 23.30.055 provides in pertinent part:

"The liability of an employer prescribed in [Sec.] § 45 of this chapter is exclusive and in place of all other liability of the employer and any fellow employee to the employee . . on account of the injury or death."