THELMA FREEMAN v. SCM CORPORATION

No. 8320SC85

(Filed 7 February 1984)

**Master and Servant § 87— receipt of workers' compensation benefits—court action based on gross negligence and intentional acts precluded**

A plaintiff who has received workers' compensation benefits for an injury is precluded by G.S. 97-10.1 from maintaining a separate tort action against the employer based upon allegations that her injury was the result of gross negligence and intentional acts on the part of the employer.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Seay, Judge*. Judgment entered 10 January 1983 in Superior Court, MOORE County. Heard in the Court of Appeals 8 December 1983.

Plaintiff, an employee of defendant SCM Corporation, was working on a molding machine on 14 October 1980 when she noticed that it was not functioning properly. She reported the problem to her supervisor and requested permission to turn off the machine. The supervisor ordered plaintiff to continue operating the machine despite this and subsequent repeated warnings. Plaintiff was later struck in the face by a pressure bolt which blew out of the machine.

Plaintiff sought and recovered workmen's compensation benefits for injury to her nose, back, neck and shoulder. A lump sum payment was approved by the Commission on 19 November 1980.

On 26 October 1982, plaintiff filed this action, alleging that her injuries were caused by the gross, willful and wanton negligence and by the intentional acts of defendant. Plaintiff further alleged that her injuries did not result from an "accident" within the meaning of the Workers' Compensation Act and, therefore, her claim was not barred by the exclusivity provisions of G.S. 97-10.1. Defendant alleged lack of subject matter jurisdiction and moved to dismiss pursuant to Rule 12(b)(1) of the Rules of Civil Procedure. From the granting of defendant's motion, plaintiff appeals.

*Pollock, Fullenwider, Cunningham & Patterson, by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*William D. Sabiston, Jr., for defendant-appellee.*

ARNOLD, Judge.

The crux of plaintiff's appeal is her contention that the trial court erred in granting defendant's motion to dismiss for lack of subject matter jurisdiction. She claims that since her injuries were not caused by "accident," her claim was not barred by G.S. 97-10.1.

G.S. 97-10.1 provides as follows:

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employee at common law or otherwise on account of such injury or death.

It is plaintiff's contention that her injuries were the result of gross negligence and intentional acts on the part of defendant. Since the Workers' Compensation Act contemplates recoverable injuries as being those which result from "accident" under G.S. 97-2, she claims that she is now entitled to recover damages from defendant employer in addition to any workmen's compensation benefits she may have received. Plaintiff indeed may have been injured by defendant's gross negligence, rather than by accident. However, she is still precluded from maintaining an action against defendant.

Plaintiff relies heavily on the case of *Andrews v. Peters*, 55 N.C. App. 124, 284 S.E. 2d 748 (1981), to support her claim for relief. In *Andrews*, this Court held that the Workers' Compensation Act was not the exclusive remedy for an employee intentionally injured by a fellow employee. In the case at bar, however, any liability on the part of defendant employer appears to be more the result of gross negligence than any intentional act, despite plaintiff's catch-all assertion to the contrary. Moreover, plaintiff was not injured by the intentional tort of a fellow employee, as occurred in *Andrews*.

In fact, the court in *Andrews* distinguished a claim against a fellow employee from a claim against an employer, stating that "[o]ur courts . . . have barred injured employees covered by the act from bringing negligence actions against their employers" (citations omitted), but adding that "[j]urisdictions differ as to whether such immunity should extend to co-employees." *Id.* at 126, 284 S.E. 2d at 749.

Plaintiff has been compensated by the payment of workmen's compensation benefits. She cannot now maintain a separate action against her employer for additional compensation. Having already selected one avenue of recovery, plaintiff is precluded from main-

taining a tort action. The trial court's order granting defendant's motion to dismiss for lack of subject matter jurisdiction is

Affirmed.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

That a worker otherwise subject to the Workers' Compensation Act cannot recover from his employer for injuries accidentally sustained or negligently inflicted cannot and perhaps should not be gainsaid. But in my opinion the Workers' Compensation Act does not and should not immunize employers against liability for injuries wantonly, wilfully or intentionally inflicted. Though it obviously will be very difficult, indeed, for the plaintiff to prove her case, the allegation that she was injured because of defendant's wilful, wanton and intentional acts gives her the right to try, in my opinion.