WILLIAM GERALD PLEASANT v. VICTOR LEE JOHNSON

No. 8314SC97

(Filed 3 July 1984)

**Master and Servant § 89.1; Appeal and Error § 4— workers' compensation—negligence of fellow employee—common law action barred—new theory on appeal improper**

> The trial court properly directed a verdict against plaintiff on the ground that the exclusive remedy provisions of the Workers' Compensation Act barred his action for injuries inflicted by the negligence of defendant, a co-employee; moreover, plaintiff could not claim on appeal that the facts clearly showed that defendant committed an intentional tort and the trial court therefore erred in holding his action barred, since plaintiff's complaint was grounded solely on negligence, and the court on appeal cannot consider additional theories raised for the first time on appeal.

Chief Judge VAUGHN dissenting.

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 30 September 1982 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 January 1984.

*McCain & Essen, by Grover C. McCain, Jr. and Jeff Erick Essen, for plaintiff appellant.*

*Bryant, Drew, Crill & Patterson, P.A., by Lee A. Patterson, II, for defendant appellee.*

EAGLES, Judge.

We consider in this case whether the trial court properly directed a verdict against plaintiff on the ground that the exclusive remedy provisions of the Workers' Compensation Act (the Act), codified at N.C. Gen. Stat. §§ 97-1 to -122 (1979 & Supp. 1983), bar his action for injuries inflicted by the negligence of defendant, a co-employee. Although strong policy reasons for a contrary result exist, we conclude that the trial court applied North Carolina law correctly, and we affirm.

I

Plaintiff, William Gerald Pleasant, and defendant, Victor Lee Johnson, returned from lunch in separate vehicles to the construction site where they worked. Pleasant and another fellow worker arrived first, got out of their car, and walked across the parking lot toward the job site. Pleasant's companion saw Johnson's truck approaching them and jumped out of the way, yelling a warning to Pleasant. Johnson's truck struck Pleasant before he could get out of the way, seriously damaging Pleasant's right knee. Pleasant received disability benefits under the Workers' Compensation Act. He filed the present action to recover tort damages for Johnson's wrongful negligence. Johnson, called as an adverse witness at trial, admitted that he was "just messing around" and did not mean to hit Pleasant but only to scare him. At the close of Pleasant's evidence, Johnson obtained a directed verdict.

II

Johnson stated as grounds for his motion for a directed verdict the following: "the facts . . . as relate to the previously presented plea in bar presented heretofore on the grounds of a summary judgment motion." Pleasant contends these are unsuffi-

cient grounds. *See* N.C. Gen. Stat. § 1A-1, Rule 50(a) (1983). No objection to the sufficiency of the grounds appears in the record, however; and the import of the motion plainly appears from the Answer, an earlier appeal, and the pretrial order. Pleasant's argument is thus without merit. *See Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974) (rule not inflexible when grounds apparent); *Byerly v. Byerly*, 38 N.C. App. 551, 248 S.E. 2d 433 (1978) (failure to object to lack of grounds waives issue on appeal).

## III

The provisions of the Workers' Compensation Act, when read together, preclude actions by employees covered by the Act against negligent co-employees for injuries arising out of and in the course of their employment. G.S. §§ 97-9, -10.1 (1979); *Strickland v. King*, 293 N.C. 731, 239 S.E. 2d 243 (1977). Our Supreme Court has held that this exclusion extends even to "reckless and wanton" behavior. *Wesley v. Lea*, 252 N.C. 540, 114 S.E. 2d 350 (1960). Neither side denies that Pleasant's injury arose out of and in the course of his employment. *See Altman v. Sanders*, 267 N.C. 158, 148 S.E. 2d 21 (1966) (parking lot cases); *Chambers v. Union Oil Co.*, 199 N.C. 28, 153 S.E. 594 (1930) (horseplay in the course of employment). Nevertheless, Pleasant brought his action in negligence; the trial court's instructions to the jury at recess indicated its understanding that this was a "negligence action"; and Pleasant requested a directed verdict in his favor solely on negligence grounds. Thus, as the case was presented, the trial court did not err in granting Johnson's motion. *Wesley v. Lea.*

## IV

Pleasant now contends that the facts clearly show that Johnson committed an intentional tort, and, therefore, the trial court erred in holding his action barred. He relies on our decision in *Andrews v. Peters*, 55 N.C. App. 124, 284 S.E. 2d 748 (1981), *disc. rev. denied*, 305 N.C. 395, 290 S.E. 2d 364 (1982). In *Andrews*, we held that the provisions of the Act do not preclude an employee from recovering both compensation benefits and damages for injuries caused by a co-employee's assaultive behavior, if the injured employee reimburses the employer for any duplicative recovery. Prior to *Andrews*, Pleasant would probably have had to elect between his common law remedy and recovery under the

Act. *See Warner v. Leder*, 234 N.C. 727, 69 S.E. 2d 6 (1952) (assault by employer). This may explain the grounding of Pleasant's complaint (filed 9 January 1981) solely in negligence. However, this Court filed *Andrews* on 15 December 1981, and followed *Andrews* in *Daniels v. Swofford*, 55 N.C. App. 555, 286 S.E. 2d 582 (filed 2 February 1982). Although trial in this case did not take place until September 1982, Pleasant made no effort to amend his complaint. Moreover, the pretrial order, approved and filed 27 September 1982, discloses only issues of negligence. The same evidence supports the theory of assault now raised on appeal and the theory of negligence tried below. On virtually identical procedural facts, we have recently held that this Court cannot consider additional theories raised for the first time on appeal, of which defendant had no notice at trial. *Gilbert v. Thomas*, 64 N.C. App. 582, 307 S.E. 2d 853 (1983). *See also State v. Cooke*, 306 N.C. 117, 291 S.E. 2d 649 (1982); *Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, --- S.E. 2d --- (filed 6 March 1984). Therefore, the directed verdict for Johnson must be affirmed. *Gilbert v. Thomas.*

The effect of this decision is, unfortunately, that Pleasant is limited to his recovery under the Act and that Johnson, despite inexcusably careless behavior, escapes any liability for his action. North Carolina continues to preclude all negligence actions against co-employees, although the modern trend is to the contrary. *See* 2A A. Larson, *The Law of Workmen's Compensation* § 72.10 *et seq.* (1983). As this Court noted in *Andrews v. Peters*, the immunity provisions of the Act reflect a policy recognition that accidents caused by fellow employees are an inevitable feature of the industrial workplace, and that employers, rather than employees, should bear the cost of such accidents. We recognized, however, that this policy should not serve as a shield for the intentional wrongdoer. *Id.* Intentional misconduct, while certain to occur, does not present the type of risk that employers or employees must guard against at their own peril. *See* W. Prosser, *The Law of Torts* § 33 (4th ed. 1971); *Bryan v. Utah Int'l*, 533 P. 2d 892 (Utah 1975). Significantly, no substantial policy reason exists for requiring them to guard against recklessly negligent conduct of the sort engaged in here by Johnson. *See Larson, supra.* A rule which simply distinguishes between negligent and intentional acts focuses inordinate attention on the subjective intent of

---

---

the co-employee, as opposed to the *foreseeable* risks of the workplace which the Act protects against. The law of this State is clear, however, and we must therefore follow it until the General Assembly decides otherwise.

## V

Because we have affirmed the directed verdict in favor of Johnson, the issue of whether Pleasant's motion was properly denied becomes moot. Pleasant has shown no error, and the judgment is, therefore,

Affirmed.

Judge HILL concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

Plaintiff alleged, among other things, that:

4. Defendant was willfully, recklessly and wantonly negligent in that he was operating the motor vehicle in such a fashion *so as to see how close he could operate the said motor vehicle to the plaintiff without actually striking him but*, misjudging his ability to accomplish such a prank, actually struck the plaintiff with the motor vehicle he was operating.

Defendant's own testimony includes the following:

Q. You did hit him?

A. Yes, sir.

Q. You don't claim the brakes or steering on the vehicle or anything failed, do you?

A. No, sir.

Q. You meant to come close, but you missed?

A. Yes, sir.

Q. Did you believe that was a dangerous thing to do at the time?

A. Yes, sir.

Q. It is true though, is it not Mr. Johnson, that at the time the van struck Mr. Pleasants you were trying to put a fright or a scare into him by operating the van close to him?

A. Yes, sir.

Q. That is true?

The allegations and proof, therefore, would permit the jury to find that plaintiff was injured as a result of an intentional wrongful act by defendant. It is not necessary for defendant to have intended the actual results of his intentional wrongful act. The results of his intentional wrongful act were just as foreseeable as if he had aimed a pistol at defendant instead of a truck. For the reasons stated in *Andrews v. Peters*, I vote to reverse.