MARGARET H. ANDREWS v. AUGUST RICHARD PETERS, III

No. 843SC747

(Filed 18 June 1985)

1. **Master and Servant § 89.1; Assault and Battery § 3.1— civil action for battery by co-employee — motion for directed verdict properly denied**

There was no error in denying defendant's motions for a directed verdict in an action by an employee injured as the result of a prank by defendant co-

employee where defendant did not deny that he intended to tap plaintiff behind the knee. Liability for the intentional tort of battery hinges on intent to cause a harmful or offensive contact and tapping plaintiff's knee was easily an offensive contact.

2. **Rules of Civil Procedure § 52— motion for new trial on damages granted — conflicting medical evidence — findings not sufficient**

    An action by an employee against a co-employee for an intentional tort was remanded for additional findings of fact where the trial court had granted plaintiff's Rule 59 motion on the issue of damages, defendant had filed a Rule 52 motion asking for detailed findings and conclusions, the court's order was no more than a statement of its discretionary authority without a detailed factual basis for its decision, and there was conflicting medical evidence as to damages.

3. **Damages § 10— tort action against co-employee — sick leave pay — collateral source — properly excluded**

    In an action by one co-employee against another for injuries resulting from a deliberate prank, evidence of plaintiff's sick leave pay was properly excluded under the collateral source rule, but the testimony of her company's personnel director and evidence of her back problems were properly admitted.

    Judge WELLS concurring in part and dissenting in part.

APPEAL by defendant from *Allsbrook, Judge*. Orders entered 21 December and 29 December 1983 in Superior Court, PITT County. Heard in the Court of Appeals 8 March 1985.

*Barker, Kafer & Mills, by James C. Mills, for plaintiff appellee.*

*McMullan & Knott, by Lee E. Knott, Jr., for defendant appellant.*

BECTON, Judge.

This case is before our Court for the second time. On the initial appeal our Court, in *Andrews v. Peters,* 55 N.C. App. 124, 284 S.E. 2d 748 (1981), *disc. rev. denied,* 305 N.C. 395, 290 S.E. 2d 364 (1982), reversed the trial court's granting of the defendant's Rule 12(b)(1) motion and remanded the case for trial. Our Court held that the North Carolina Workers' Compensation Act is not the exclusive remedy for an employee "intentionally injured" by a co-employee. An employee is thus free to assert an intentional tort action against a co-employee. *Id.* The co-employee immunity read into the Act by the North Carolina case law does not extend to in-

tentional acts. *Id.* We refer to the earlier opinion for a complete analysis.

The facts, briefly stated, are as follows. The plaintiff, Margaret H. Andrews, was injured on 27 September 1979 when her co-employee at Burroughs Wellcome Corporation, the defendant, August Richard Peters, III, walked up behind her at work and tapped the back of her right knee with the front of his right knee, causing her knee to buckle. Andrews lost her balance, fell to the floor, and dislocated her right kneecap. Andrews instituted this action against Peters for intentional assault and battery. She sought compensation for medical expenses, loss of income, pain and suffering, permanent disability, and punitive damages.

The trial judge submitted the case to the jury on the theory of battery. The jury entered a verdict in favor of Andrews on liability and awarded her $7,500 in damages. Andrews filed a Rule 59(a)(6) and (7) motion for a new trial on the issue of damages, alleging that the inadequate verdict was the product of passion or prejudice and that the evidence was insufficient to support the verdict. Peters responded with a Rule 52(a)(2) motion, asking the trial court to "set forth fully and in detail the findings of fact and conclusions of law upon which its ruling on the plaintiff's motion (Rule 59) is based. . . ." The trial court granted Andrews' Rule 59 motion in its 21 December 1983 order. Peters then filed a combined Rule 52(b) and Rule 60(b)(6) motion, asking the trial court to state in its 21 December 1983 order the amount of damages it deemed sufficient to prevent a new trial and further, to vacate its 21 December 1983 order and instead, increase Andrews' award to a maximum of $25,000. In its 29 December 1983 order the trial court denied Peters' combined motion. From the trial court's 21 and 29 December orders, Peters appeals.

I

[1] Peters contends that the trial court erred in denying his motions for a directed verdict at the close of Andrews' evidence and at the close of all the evidence. According to Peters, this Court's holding in the earlier opinion permits an employee to seek recovery from a co-employee only in "those instances where the injury was intentionally inflicted as opposed to those instances where the injury resulted from an intentional act, the result of which was neither intended nor reasonably foreseeable." Peters alleges

that there is no evidence that he intended to injure Andrews. As summarized in Peters' brief:

> [Peters] testified that he did not intend to be rude or offensive in tapping [Andrews] behind her knees. He stated that the same thing had only moments before been done to him by a co-worker and that it struck him as fun. He stated that he tried to catch [Andrews] to prevent her from striking the floor, that he was shocked by what had happened, and that he immediately apologized to [Andrews] and attempted to help her.

Peters cites language in the earlier *Andrews v. Peters* opinion ("an employee intentionally injured by a fellow employee"); in *Daniels v. Swofford*, 55 N.C. App. 555, 286 S.E. 2d 582 (1982) ("actual intent on the part of the corporate employer to injure [plaintiff]"); in *Wesley v. Lea*, 252 N.C. 540, 114 S.E. 2d 350 (1960) ("no evidence of any intention on the part of defendant to injure plaintiff"); and in *Warner v. Leder*, 234 N.C. 727, 69 S.E. 2d 6 (1952) ("the defendant did not intentionally injure the plaintiff") to support his contentions. However, the Supreme Court has recently clarified the *Andrews v. Peters* holding:

> In a recent opinion by Judge (now Justice) Vaughn, our Court of Appeals expressly held that the Workers' Compensation Act does not preclude a suit against a co-employee for intentional torts. *Andrews v. Peters*, 55 N.C. App. 124, 284 S.E. 2d 748 (1981), *disc. rev. denied*, 305 N.C. 395, 290 S.E. 2d 364 (1982). This holding rested upon the common-sense conclusion that the legislature did not intend to insulate a co-employee from liability for intentional torts inflicted upon a fellow worker. *Id.*, 55 N.C. App. at 127, 284 S.E. 2d at 750. The Court of Appeals also noted that in many of the jurisdictions granting co-employee immunity, an exception for intentional acts causing injury had been either expressly set out in the statute or judicially grafted upon them. *Id.*

*Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E. 2d 244, 247 (1985).

Furthermore, Peters' construction of the broad language in the *Andrews v. Peters* holding and in the earlier case law ignores the nature of the intent required for an intentional tort action.

The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although intending nothing more than a good-natured practical joke, or honestly believing that the act would not injure the plaintiff, or even though seeking the plaintiff's own good.

W. Prosser & W. Keeton, *The Law of Torts* Sec. 8, at 36-7 (5th ed. 1984). *See also Restatement (Second) of Torts* Sec. 13 comment c (1965). For example, liability for the intentional tort of battery hinges on the defendant's intent to cause a harmful or offensive contact. *Restatement, supra,* Sec. 13 (1965). Significantly,

[t]he defendant's liability extends, as in most other cases of intentional torts, to consequences which the defendant did not intend, and could not reasonably have foreseen, upon the obvious basis that it is better for unexpected losses to fall upon the intentional wrongdoer than upon the innocent victim.

Prosser & Keeton, *supra,* Sec. 9, at 40.

Peters does not deny that he intended to tap Andrews behind the knee. Although tapping Andrews' knee was arguably not in and of itself a harmful contact, it easily qualifies as an offensive contact. "A bodily contact is offensive if it offends a reasonable sense of personal dignity." *Restatement, supra,* Sec. 19 and comments. There is no evidence of consent to the touching. *See Restatement, supra,* Sec. 13 comment c.

The trial judge phrased the issue of liability succinctly: "Did the defendant commit a battery upon the plaintiff on September 27, 1979?" We note that the jury instructions are neither included in the record nor are they the subject of an assignment of error. We are therefore left to presume that the trial court instructed the jury correctly on the theory of battery. From the jury's verdict, we conclude that the jury found that Peters intended to cause a harmful or offensive contact, *i.e.,* the tapping of Andrews' knee, and that he should therefore be liable for the unforeseen results of his intentional act.

Since there was evidence of the requisite intent to submit the case to the jury on the theory of battery, we hold that the trial court did not err in denying Peters' motions for a directed verdict.

## II

[2] The jury heard conflicting testimony from two orthopedic surgeons, Dr. Randolph Williams and Dr. Harold Vandersea, who had treated Andrews respectively for knee problems and knee and back problems. Dr. Williams stated that he treated Andrews from September 1979 until September 1980 for her dislocated kneecap. During that time he performed one knee operation on Andrews. On 8 September 1980 Dr. Williams "felt that she had reached maximum improvement." He never examined Andrews or treated her for back trouble. His fee was $899.85. The hospital bill for the one operation was $1,121.50.

On 16 March 1981, six months after the end of Dr. Williams' treatment, Andrews consulted Dr. Vandersea, complaining that she still had pain in her knee, that she had fallen several times because her knee gave out, and that she was having back trouble. Dr. Vandersea performed two knee operations on Andrews, finally removing the kneecap. In addition, Dr. Vandersea repaired a ruptured disc in Andrews' back. In his opinion the back condition resulted from the falls, and the knee condition resulted from the September 1979 injury. Dr. Vandersea's bill totalled $2,778. The hospital bill for Dr. Vandersea's operations was $3,062.72.

The Burroughs Wellcome personnel director calculated the total amount in lost wages over the period from 1979 through 1983 at $15,280.65.

Peters argues that the trial court abused its discretion in granting Andrews' Rule 59(a)(6) and (7) motion for a new trial, when the jury "obviously . . . chose to believe the testimony of Dr. Williams and to disbelieve the testimony of Dr. Vandersea" in awarding Andrews $7,500 in damages.

We note that the 21 December 1983 order is a discretionary Rule 59 order; the trial court concluded "that the court should *in its considered discretion* grant a new trial to the plaintiff as to the second issue [damages] . . . ." (Emphasis added.) *See Worthington v. Bynum,* 305 N.C. 478, 290 S.E. 2d 599 (1982) (identifica-

tion of discretionary Rule 59 order). As our Supreme Court emphasized in *Worthington*, "an appellate court should not disturb a discretionary Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice." 305 N.C. at 487, 290 S.E. 2d at 605. The *Worthington* Court reviewed the entire record before determining that the trial court had not abused its discretion in granting a Rule 59 motion to set aside an excessive verdict and to order a new trial.

However, in *Worthington*, neither party had made a Rule 52 (a)(2) motion specifically asking for findings of fact and conclusions of law on the decision of the Rule 59 motion. N.C. Gen. Stat. Sec. 1A-1, Rule 52(a)(2) (1983) reads, in pertinent part: "Findings of fact and conclusions of law *are necessary* on decisions of any motion or order *ex mero motu* only *when requested by a party* and as provided by Rule 41(b)." (Emphasis added.) Thus, the trial court's compliance with the party's Rule 52(a)(2) motion is mandatory. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* Sec. 2574 (1971) (discussion of Federal Rule 52(a) ). Once requested, the findings of fact and conclusions of law on a decision of a motion, as in a judgment after a non-jury trial, must be sufficiently detailed to allow meaningful review. *See Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980) (Rule 52(a)(1) ). The trial court's findings of fact are only conclusive on appeal when they are supported by competent evidence. *Coggins v. City of Asheville*, 278 N.C. 428, 180 S.E. 2d 149 (1971).

Here, the trial court made findings of fact in its 21 December 1983 order, but they are not sufficient for a clear understanding of the basis of its decision. After reciting the issues submitted to the jury and the contents of Andrews' Rule 59 motion, the trial court found:

3. That the court has thoroughly considered all of the evidence that was given during the course of this trial. That the court has reviewed its notes that were made during the course of the trial. That the court has a distinct recollection of the trial.

4. That the court in its considered discretion is of the opinion that the motion filed by the plaintiff in this cause

should be allowed and that the plaintiff should be given a new trial as to the second issue presented to the jury.

and concluded:

Based upon the foregoing findings of fact, the court does hereby conclude that the court should in its considered discretion grant a new trial to the plaintiff as to the second issue presented to the jury during the trial of 10 October 1983 Civil Session of the Pitt County Superior Court.

Thus, the trial court's order is no more than a statement of its discretionary authority without detailing the factual basis for its decision. The legislative enactment of Rule 52(a)(2) clearly envisions greater specificity upon the request of a party.

Given Peters' Rule 52(a)(2) motion, the insufficiency of the findings of fact in the 21 December 1983 order, and the conflicting evidence in the record, we believe that additional findings of fact are essential to provide this Court with a basis for a meaningful review. *See* 9 Wright & Miller, *supra*, Sec. 2577 (similar enforcement of Federal Rule 52(a)). We therefore vacate the 21 and 29 December 1983 orders and remand the case to the trial court for additional findings of fact on its decision on Andrews' Rule 59 motion. Considering Peters' assignment of error, we need to know why the trial court granted Andrews' Rule 59 motion.

### III

[3] We dispose of Peters' remaining contentions summarily. The trial court properly excluded evidence of Andrews' sick leave pay. *Fisher v. Thompson*, 50 N.C. App. 724, 275 S.E. 2d 507 (1981) (violation of collateral source rule). The testimony of the Burroughs Wellcome personnel director and evidence of Andrews' back problems were properly admitted.

### IV

Vacated and remanded for further proceedings consistent with this decision.

Judge WELLS concurs in part and dissents in part.

Judge WHICHARD concurs.

---

Judge WELLS concurring in part and dissenting in part.

I concur in that part of the majority opinion which affirms the trial court's denial of defendant's motion to dismiss. I dissent from that part of the majority opinion which holds that the trial court was required, upon defendant's request, to make findings of fact and enter conclusions of law in ruling on plaintiff's Rule 59 motion. In my opinion, Rule 52 does not require findings of fact and conclusions of law when the trial court makes a discretionary ruling on a motion to set the verdict aside and for a new trial in a jury trial.