THELMA FREEMAN v. SCM CORPORATION

No. 81A84

(Filed 5 June 1984)

**Master and Servant § 87— plaintiff covered by Workers' Compensation Act—civil action precluded**

Where plaintiff was covered by and subject to the provisions of the Workers' Compensation Act, her rights and remedies against defendant employer were determined by the Act and she was required to pursue them in the Industrial Commission and could not, in lieu of this avenue of recovery, institute a common law action against the employer in the civil courts of this State based on alleged gross negligence and intentional acts.

APPEAL by plaintiff from a decision of a divided panel of the Court of Appeals, 66 N.C. App. 341, 311 S.E. 2d 75 (1984), affirming judgment entered by *Seay, Judge,* at the 10 January 1983 Session of MOORE County Superior Court.

Plaintiff, an employee of defendant SCM Corporation, was working on a molding machine on 14 October 1980 when she noticed that the machine was malfunctioning. She reported the problem to her supervisor and requested permission to turn off the machine. The supervisor ordered plaintiff to continue oper-

---

ating the machine. On subsequent occasions, plaintiff repeated her fears that the machine was not functioning properly but was consistently told to continue with her work. Plaintiff was later struck in the face by a pressure bolt which blew out of the machine.

Plaintiff sought and recovered workers' compensation benefits for injury to her nose, back, neck and shoulder. The Commission approved a lump sum payment on 19 November 1980.

On 26 October 1982, plaintiff filed this action, alleging that her injuries were caused by the gross, willful and wanton negligence and by the intentional acts of defendant. Plaintiff further alleged that her injuries did not result from an "accident" within the meaning of the Workers' Compensation Act and, therefore, her claim was not barred by the exclusivity provisions of G.S. 97-10.1. Defendant alleged lack of subject matter jurisdiction and moved to dismiss pursuant to Rule 12(b)(1) of the Rules of Civil Procedure. The trial court granted defendant's motion and plaintiff appealed to the Court of Appeals.

In an opinion written by Judge Arnold, Judge Johnson concurring and Judge Phillips dissenting, the Court of Appeals held that since plaintiff had been compensated through the payment of workers' compensation benefits, she was precluded from maintaining this separate action against her employer for additional compensation.

Plaintiff appealed to this Court as a matter of right pursuant to G.S. 7A-30(2) on 17 February 1984.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*William D. Sabiston, Jr., for defendant-appellee.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, and Weinstein, Sturges, Odom, Groves, Bigger, Jonas & Campbell, P.A., for Radiator Specialty Company, Amicus Curiae.*

PER CURIAM.

After reviewing the record and briefs, and hearing oral argument on the question presented, we conclude that the result reached by the majority below is correct. Plaintiff's remedies under the Workers' Compensation Act are exclusive and she is

therefore precluded from recovering against her employer in this independent negligence action. The trial court properly granted defendant's motion to dismiss for lack of subject matter jurisdiction.

Writing for the majority in the Court of Appeals, Judge Arnold explained: "Having already *selected* one avenue of recovery, plaintiff is precluded from maintaining a tort action." 66 N.C. App. at 343-44, 311 S.E. 2d at 77 (1984) (emphasis added).

We wish to make it abundantly clear that in fact plaintiff had no "selection" as to the appropriate avenue of recovery for her injuries.

General Statute 97-10.1 provides that:

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

Since plaintiff was here covered by and subject to the provisions of the Workers' Compensation Act, her rights and remedies against defendant employer were determined by the Act and she was required to pursue them in the North Carolina Industrial Commission. *See, e.g., Bryant v. Dougherty,* 267 N.C. 545, 148 S.E. 2d 548 (1966); *McCune v. Rhodes-Rhyne Mfg. Co.,* 217 N.C. 351, 8 S.E. 2d 219 (1940). She could not, in lieu of this avenue of recovery, institute a common law action against her employer in the civil courts of this State.

The decision of the Court of Appeals is modified to the extent that it may imply that plaintiff was free to elect the forum in which to pursue her legal remedies against defendant. In all other respects, the decision of the Court of Appeals is affirmed.

Modified and affirmed.