COLLEEN SHIELS STACK v. MECKLENBURG COUNTY, MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES, LUTHERAN FAMILY HOMES IN NORTH CAROLINA, INC., AND KEN GOLDEN

No. 8626SC1216

(Filed 4 August 1987)

**1. Master and Servant § 87— claim for willful, wanton and reckless negligence by employer—recovery limited to Workers' Compensation Act**

    The trial court properly granted defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(1) of plaintiff's claim for willful, wanton and reckless negligence in an action arising from the rape of plaintiff by a "Willie M" child while plaintiff was supervising a group home operated by defendant Lutheran Family Services. When an employee's injury is covered by the Workers' Compensation Act, the right to bring an independent negligence action against the employer is barred by the existence of the Workers' Compensation remedy, and, since the Act's coverage extends to injuries resulting from the employer's willful, wanton and reckless negligence, there is no issue regarding an election of remedies in this case. N.C.G.S. § 97-10.1.

2. **Master and Servant § 87— workers' compensation—exclusive remedy rule—intentional conduct exception—intentional infliction of emotional distress—claims properly dismissed**

> The trial court properly granted defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's claims for intentional injury, intentional infliction of emotional distress, and punitive damages arising from the rape of plaintiff in a group home which she was supervising as an employee of defendant where plaintiff failed to allege that defendant intended to harm her through its conduct.

APPEAL by plaintiff from *Ferrell, Judge.* Judgment entered 8 September 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 6 May 1987.

This is a civil action by an employee for personal injuries caused by the tortious conduct of her employer. From an order allowing defendant's motions to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted, the plaintiff appeals.

The complaint alleges the following:

In January of 1984, the plaintiff accepted an internship with the defendant, Lutheran Family Services in North Carolina, Inc., which operates group homes for minors. Her primary responsibility involved weekend duty as a resident supervisor of the defendant's group homes.

Plaintiff's internship ended in May of 1984 but she agreed to remain after this date because of a shortage of personnel. In July of 1984, plaintiff was raped while supervising one of defendant's group homes. Plaintiff alleged that the rapist, a resident of the group home, was a "Willie M" child, a designation which refers to youths who are unusually dangerous or difficult to treat. Plaintiff filed this action against her employer alleging willful, wanton and reckless negligence, intentional injury and intentional infliction of emotional distress and seeking both compensatory and punitive damages.

The trial court dismissed plaintiff's claim for willful, wanton and reckless negligence because of a lack of subject matter jurisdiction. G.S. 1A-1, Rule 12(b)(1). Plaintiff's remaining claims were dismissed because they failed to state claims on which relief could be granted. G.S. 1A-1, Rule 12(b)(6). Plaintiff appeals.

*Mark A. Michael for the plaintiff-appellant.*

*Smith Helms Mullis & Moore, by H. Landis Wade, Jr. and Elizabeth M. Quattlebaum and Gerdes, Mason, Wilson & Tolbert, by Michael Wilson for the defendant-appellee.*

EAGLES, Judge.

I

**[1]** Plaintiff first contends that the court erred in dismissing her claim for willful, wanton and reckless negligence. This contention presents the question of whether the North Carolina Workers' Compensation Act represents an employee's exclusive means of recovery for personal injuries resulting from the willful, wanton and reckless negligence of an employer. Following the precedent of *Barrino v. Radiator Specialty Co.*, 315 N.C. 500, 340 S.E. 2d 295 (1986), we hold that it is an employee's exclusive remedy.

G.S. 97-10.1 states that:

If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies of the employee, his dependents, next of kin, or representative as against the employer at common law or otherwise on account of such injury or death.

The exclusive remedy portion of the statute limits an employee to recovery under the Workers' Compensation Act. Accordingly, an employee must pursue those claims covered by the Act before the North Carolina Industrial Commission.

Because of the limited recovery afforded by the Act, our courts have recognized a few exceptions to its exclusive coverage. When an employer intentionally injures an employee, an independent civil action is available. *Essick v. City of Lexington*, 232 N.C. 200, 60 S.E. 2d 106 (1950). Likewise, an injured employee may maintain a tort action against a co-employee for intentional injury. *Wesley v. Lea*, 252 N.C. 540, 114 S.E. 2d 350 (1960). This court, on the basis of a selection of remedies, denied an employee's right to sue outside the Workers' Compensation Act

to recover for willful, wanton and reckless negligence of a fellow employee. *Freeman v. SCM Corporation*, 66 N.C. App. 341, 311 S.E. 2d 75 (1984). The Supreme Court allowed discretionary review and in a *per curiam* decision made clear that an employee's purported selection of remedies was not the determinative factor in the decision that claimant's only avenue of recovery was the Industrial Commission. *Freeman v. SCM Corporation*, 311 N.C. 294, 316 S.E. 2d 81 (1984). Subsequently, in *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E. 2d 244 (1985), the exception for recovery against a co-employee was extended to conduct which is willful, wanton and reckless. *Freeman* precludes an employee who qualifies for workers' compensation from bringing a similar negligence action against an employer.

Most recently, the Supreme Court reaffirmed *Freeman* in *Barrino v. Radiator Specialty Co., supra*. In a split decision, the Court rejected an independent action for the willful, wanton and reckless negligence of an employee and refused the separate action because of the *Freeman* precedent. *Id.* at 510, 340 S.E. 2d at 302. Two justices agreed that the civil action was not available but relied instead on an election of remedies theory. The plaintiff's "election" to receive benefits under the Workers' Compensation Act precluded an independent civil action. *Id.* at 516, 340 S.E. 2d at 309 (Billings, J., concurring). The three remaining justices dissented, disputing that plaintiff did not have an alternative remedy. *Id.* at 517, 340 S.E. 2d at 305 (Martin, J., dissenting).

Plaintiff now contends that the *Barrino* decision permits an election for an employee injured by the willful, wanton and reckless negligence of an employer. Plaintiff argues that the injured worker can choose either the Act's compensation or a civil action. We hold that the *Barrino* decision, when read in context with *Freeman* requires a contrary conclusion.

The *Freeman* decision expressly negated any inference that an employer's willful negligence creates alternative remedies. *Freeman*, 311 N.C. at 296, 316 S.E. 2d at 82. Likewise, *Barrino*, in refusing to overrule *Freeman*, recognized that "[t]he operative fact in establishing exclusiveness is that of actual coverage, not of election to claim compensation in a particular case." *Barrino*, 315 N.C. at 506, 340 S.E. 2d at 300 (quoting 2A Larson, The Law of

Workmen's Compensation, section 65.14 (1984)). Accordingly, when an employee's injury is covered by the Act, the right to bring an independent negligence action against the employer is barred by the existence of the workers' compensation remedy.

Since the Act's coverage extends to injuries resulting from an employer's willful, wanton and reckless negligence, there is no issue regarding an election of remedies in this case. This coverage relegates the plaintiff to the compensation designated by the Act.

Our decision here is controlled by the *Freeman* and *Barrino* precedents. Plaintiff's employment at the time of the rape subjects her to the provisions of the Workers' Compensation Act. Her rights and remedies against defendant employer were determined by the Act and she was required to pursue them before the North Carolina Industrial Commission. *Freeman, supra*. Therefore, the trial court lacked subject matter jurisdiction and properly dismissed this claim.

## II

[2] Plaintiff also alleges claims based on intentional injury and intentional infliction of emotional distress. By doing so, plaintiff attempts to utilize the intentional conduct exception from the exclusive remedy rule pursuant to the decision in *Essick v. City of Lexington, supra*.

The trial court granted the defendant's Rule 12(b)(6) motion to dismiss these claims for failure to state a claim on which relief can be granted. The scope of review for a Rule 12(b)(6) motion involves a determination of whether the complaint's allegations contain sufficient material to comprise the elements of some claim recognizable in law. *Hendrix v. Hendrix*, 67 N.C. App. 354, 313 S.E. 2d 25 (1984).

Plaintiff first claims intentional injury. By her employer's failure to disclose the history of sexual misconduct associated with the group home, plaintiff claims defendant-employer intentionally misrepresented the danger involved.

Plaintiff's allegations asserting intentional injury do not differ from those used to support her wanton, willful and reckless claim. She cannot change a negligence claim simply by applying an "intentional conduct" label. Plaintiff fails to allege that

Lutheran intended to harm her through its conduct. The failure to allege an actual intent to injure precludes the plaintiff from invoking the exemption for intentional conduct. *See Barrino*, 315 N.C. at 507-08, 340 S.E. 2d at 300. Therefore, the trial court properly dismissed this claim.

Plaintiff also alleges intentional infliction of emotional distress. In *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116 (1986), this court recognized that the Workers' Compensation Act does not bar a claim for intentional infliction of emotional distress. An essential element of this tort requires the plaintiff to prove the intent to cause emotional distress. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981). Again, the absence of allegations that Lutheran intended to injure the plaintiff requires dismissal of this claim.

Finally, plaintiff assigns as error the court's dismissal of her claim for punitive damages. Recovery of punitive damages depends on the successful maintenance of one of plaintiff's other claims. Since plaintiff's underlying causes of action were properly dismissed, this claim must also be dismissed.

Claims against an employer for willful, wanton and reckless negligence fall under the coverage of the Workers' Compensation Act. Accordingly, the trial court did not have subject matter jurisdiction of plaintiff's claim and properly dismissed it. Similarly, plaintiff's claims involving intentional conduct were properly dismissed for their failure to state claims on which relief could be granted.

Affirmed.

Chief Judge HEDRICK and Judge PARKER concur.