LAURENE McALLISTER, EXECUTRIX FOR THE ESTATE OF THE LATE FRANK S. McALLISTER v. CONE MILLS CORPORATION

No. 8719SC556

(Filed 2 February 1988)

1. Courts § 9.4— summary judgment—lack of subject matter jurisdiction—previous ruling by another judge

The trial court did not err in granting summary judgment for defendant on the ground that plaintiff's action in the superior court was barred by the Workers' Compensation Act after another superior court judge had previously ruled upon the same issue in denying defendant's jurisdictional motions since a court must dismiss the case if it finds at any stage of the proceedings that it lacks subject matter jurisdiction.

2. Master and Servant § 68— bladder cancer—exposure to carcinogens at work— occupational disease—jurisdiction of Industrial Commission

The Industrial Commission rather than the superior court has original subject matter jurisdiction of an action for wrongful death from bladder cancer allegedly caused by decedent's exposure to carcinogens in his employment since plaintiff's complaint states a claim for compensation of an occupational disease under the provisions of N.C.G.S. § 97-53(13). The last sentence of N.C.G.S. § 97-53 did not exclude plaintiff's claim because the statute nowhere mentions cancer in connection with the chemicals to which decedent was exposed.

APPEAL by plaintiff from *Helms (William H.), Judge*. Judgment entered 5 March 1987 in Superior Court, ROWAN County. Heard in the Court of Appeals 1 December 1987.

*Gene H. Kendall for plaintiff-appellant.*

*Smith, Helms, Mulliss and Moore, by J. Donald Cowan, Jr., for defendant-appellee.*

PARKER, Judge.

The primary issue for consideration on this appeal is whether the Superior Court or the Industrial Commission has original subject matter jurisdiction of plaintiff's claim. We hold that original jurisdiction was vested in the Industrial Commission and affirm the trial court's entry of summary judgment.

Plaintiff Laurene McAllister, executrix of the estate of decedent, Frank S. McAllister, instituted this wrongful death action on 21 March 1986. The complaint alleged that defendant, decedent's employer, negligently required decedent to perform tasks which exposed decedent to known carcinogens, thereby causing decedent's cancer of the bladder and resulting death. The complaint further alleged that defendant had express knowledge that decedent's job exposed him to carcinogenic substances and that defendant failed to implement safety procedures that would have reduced such exposure. Plaintiff sought all damages recoverable for wrongful death under G.S. 28A-18-2 and also sought punitive damages for defendant's failure to take precautions when it knew of the risk to decedent.

Defendant's answer substantially denied the allegations in the complaint. Defendant also moved to dismiss the complaint for failure to state a claim upon which relief could be granted and for lack of personal and subject matter jurisdiction on the ground that the action is barred by the North Carolina Workers' Compensation Act. In addition, defendant made alternative motions for judgment on the pleadings and summary judgment.

On 28 April 1986, defendant's jurisdictional motions were heard before the Honorable Robert A. Collier, Jr. At the hearing, Judge Collier considered defendant's motions, defendant's brief, arguments of counsel, and the affidavit of David V. Brooks, Chairman of the North Carolina Industrial Commission. Chairman Brooks averred that during the time of decedent's employment, defendant and its employees were subject to the Workers' Compensation Act; that defendant had complied with the provisions of the Act; and that defendant had been qualified as a self-insured corporation by the Industrial Commission. Judge Collier denied the jurisdictional motions. Defendant duly noted its exception and cross-assigns error to this ruling on appeal.

On 12 January 1987, defendant filed a motion for summary judgment. The motion was supported by the pleadings filed in the case, affidavits, plaintiff's answers to interrogatories, and depositions. Judge Helms heard and granted the motion and ordered that plaintiff's complaint be dismissed.

[1] Plaintiff first contends that Judge Helms erred in considering the same issues that had previously been decided in plaintiff's favor by Judge Collier. This argument is based on the principle that one superior court judge may not overrule the judgment of another superior court judge in the same case on the same legal issue. *Carr v. Carbon Corp.*, 49 N.C. App. 631, 272 S.E. 2d 374 (1980), *disc. rev. denied*, 302 N.C. 217, 276 S.E. 2d 914 (1981). Plaintiff contends that Judge Helms permitted defendant to argue and present evidence on the jurisdictional issues that were previously decided by Judge Collier. Although Judge Helms did not specify the grounds for summary judgment, defendant's supporting materials clearly relate to the issue of jurisdiction and defendant does not argue any other basis for summary judgment in its brief. We presume, therefore, for purposes of this appeal, that Judge Helms granted defendant's motion for summary judgment on the ground that plaintiff's action is barred by the North Carolina Workers' Compensation Act. This same issue was previously ruled upon by Judge Collier in his denial of defendant's jurisdictional motions.

Under the circumstances of this case, however, Judge Helms did not err in considering the jurisdiction issue. The issue of whether plaintiff's claim is barred by the Workers' Compensation Act is a question of subject matter jurisdiction. *See, e.g., Burgess v. Gibbs*, 262 N.C. 462, 137 S.E. 2d 806 (1964). The denial of a motion to dismiss for lack of subject matter jurisdiction is not immediately appealable, *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982); but the question of subject matter jurisdiction may be raised at any time, even on appeal. *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E. 2d 83, 85 (1986). If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction. *Burgess v. Gibbs*, 262 N.C. at 465, 137 S.E. 2d at 808.

[2] We turn therefore to the issue of whether the superior court has jurisdiction over the subject matter of this action. Defendant

contends that, under the allegations of the complaint, plaintiff's action is barred by the Workers' Compensation Act. The Act provides that its remedies are the only remedies an employee has against his or her employer for claims covered by the Act. *Lemmerman v. Williams Oil Co.*, 318 N.C. at 579, 350 S.E. 2d at 85; G.S. 97-10.1. If an employee's action would be barred by the Act, then a wrongful death action brought by the employee's representative is also barred. *Horney v. Pool Co.*, 267 N.C. 521, 148 S.E. 2d 554 (1966). Even where the complaint alleges willful and wanton negligence and prays for punitive damages, the remedies under the Act are exclusive. *Barrino v. Radiator Specialty Co.*, 315 N.C. 500, 340 S.E. 2d 295 (1986). An employee cannot elect to pursue an alternate avenue of recovery, but is required to proceed under the Act with respect to compensable injuries. *Freeman v. SCM Corporation*, 311 N.C. 294, 316 S.E. 2d 81 (1984) (per curiam); *see also Stack v. Mecklenburg County*, 86 N.C. App. 550, 359 S.E. 2d 16, *disc. rev. denied*, 321 N.C. 121, 361 S.E. 2d 597 (1987).

In this case, plaintiff does not contend that decedent was not subject to the Act or that her claim does not arise out of decedent's employment with defendant. Plaintiff's only argument is that, as a matter of law, her claim is not compensable under the Act and that an action for wrongful death is her sole remedy.

For plaintiff's claim to be compensable under the Act, decedent's death must have been the result of an "accident arising out of and in the course of the employment" or an "occupational disease." *Booker v. Medical Center*, 297 N.C. 458, 465, 256 S.E. 2d 189, 194 (1979). The complaint alleges that decedent's cancer was caused by frequent and recurring exposure to carcinogens over a period of years. Decedent's death is not therefore the result of an "accident," but is compensable only if it resulted from an occupational disease. G.S. 97-52. Only those diseases and conditions enumerated in G.S. 97-53 are occupational diseases within the meaning of the Act. *Hansel v. Sherman Textiles*, 304 N.C. 44, 51, 283 S.E. 2d 101, 105 (1981).

The specific carcinogenic substances to which decedent was allegedly exposed were aniline dyes. General Statute 97-53 provides:

The following diseases and conditions only shall be deemed to be occupational diseases within the meaning of this Article:

. . . .

(12) Poisoning by benzol, or by nitro and amido derivatives of benzol (dinitrolbenzol, *anilin*, and others). (Emphasis added.)

Plaintiff concedes that G.S. 97-53(12) includes the chemicals which allegedly caused decedent's cancer. Plaintiff contends, however, that causing cancer is not "poisoning" and that decedent's death is not compensable under G.S. 97-53(12).

Assuming, but not deciding, that plaintiff's argument is correct, decedent's death would nevertheless be compensable. The Act also provides compensation for:

Any disease . . . which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

G.S. 97-53(13). Plaintiff's claim clearly comes within the language of G.S. 97-53(13). Plaintiff concedes as much, but contends that decedent's cancer is excluded by the last sentence of G.S. 97-53 which provides:

Occupational diseases caused by chemicals shall be deemed to be due to exposure of an employee to the chemicals herein mentioned *only when* as a part of the employment such employee is exposed to such chemicals in such form and quantity, and used with such frequency as to cause *the occupational disease mentioned in connection with such chemicals*. (Emphasis added.)

Plaintiff argues that this sentence excludes her claim because the statute nowhere mentions cancer in connection with the chemicals to which decedent was exposed. We disagree.

The last sentence of G.S. 97-53 is intended to limit compensable diseases to those that are actually caused by on-the-job exposure to hazardous substances rather than to limit the number

of diseases that are compensable. Plaintiff's interpretation of the statute, requiring that a particular disease be mentioned in connection with a particular chemical, would render the catch-all provision in G.S. 97-53(13) almost entirely meaningless. Such an interpretation would be contrary to the clear intent of the General Assembly in enacting the current version of G.S. 97-53(13), which was to provide comprehensive coverage for occupational diseases. *Booker v. Medical Center*, 297 N.C. at 469, 256 S.E. 2d at 196. This Court has held that a disease is compensable under G.S. 97-53(13) where neither the chemical causing the disease nor the disease itself is mentioned in the statute. *Carawan v. Carolina Telephone & Telegraph Co.*, 79 N.C. App. 703, 340 S.E. 2d 506 (1986).

For the above-stated reasons, we hold that plaintiff's complaint states a claim within the scope of the Workers' Compensation Act. The Superior Court has been divested by statute of original jurisdiction of all actions which come within the provisions of the Act. *Lemmerman v. Williams Oil Co.*, 318 N.C. at 579, 350 S.E. 2d at 85. The order of Judge Helms granting defendant's motion for summary judgment and dismissing the complaint is therefore affirmed.

Finally, we note that this decision is limited to the jurisdiction issue only and in no way is intended to express an opinion as to the merits or actual compensability of plaintiff's claim if properly brought before the Industrial Commission.

Affirmed.

Judges WELLS and PHILLIPS concur.