892 F.2d 74
 15 Fed.R.Serv.3d 214
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Van J. ROBINSON, Plaintiff-Appellant,
v.
YELLOW FREIGHT SYSTEM, Defendant-Appellee.
 No. 89-2739.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Dec. 1, 1989.
 
 Van J. Robinson, appellant pro se.
 Ann Margaret Pointer, David Richard Kresser, Fisher & Phillips, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Van Robinson appeals the order of the district court granting defendant's motion to dismiss his two consolidated complaints. Both of Robinson's complaints named Yellow Freight, his employer, as the defendant and alleged that he had been discriminated against on the basis of race when he was given a two-week suspension for failing to report an accident (the Title VII claim), and that he had been injured on the job (presumably through the negligence of Yellow Freight) when a fire extinguisher went off while he was in the cab of his truck (the work injury claim).[1] The district court held that Robinson's Title VII claim was time-barred because he had not filed his action within 90 days of receipt of the right-to-sue letter as required by 42 U.S.C. § 2000e-5(f)(1), and that his work injury claim was barred because his exclusive remedy was under the North Carolina Workmen's Compensation Act (NCWCA), N.C.Gen.Stat. § 97-10.1. We agree that the work injury claim was properly dismissed based on the exclusiveness of the NCWCA. See Barrino v. Radiator Specialty Co., 315 N.C. 500, 340 S.E.2d 295 (1986); Stack v. Mecklenburg County, 86 N.C.App. 550, 359 S.E.2d 16, reh. denied, 321 N.C. 121, 361 S.E.2d 597 (1982). However, we hold that, in the circumstances of this case, Robinson's Title VII claim is not time-barred and remand for further proceedings.
 
 
 2
 * The resolution of the Title VII claim requires an understanding of the sequence of events in the district court. Robinson received his right-to-sue letter from the EEOC on March 21, 1988, and was thus required to file a civil action within 90 days (June 20). See 42 U.S.C. § 2000e-5(f)(1). On June 16, the clerk received Robinson's Title VII complaint, without an application to proceed in forma pauperis (IFP). On the next day the clerk received Robinson's work injury complaint with an IFP application.[2] Neither of the two complaints was formally filed by the clerk at this point. The record does not show any further action in these cases until December 20, when Robinson filed an IFP application for his Title VII claim.[3] On January 3, 1989, the district court denied Robinson leave to proceed as a pauper. However, on January 19 Robinson filed a letter seeking reconsideration of the January 3 order and, in light of this latest document, the court vacated its earlier order and granted leave to proceed as a pauper on January 31. On February 2, the clerk formally filed the complaints and Yellow Freight received process on February 13. As a result of these events, Yellow Freight filed a motion to dismiss the Title VII complaint, arguing that the complaint was time-barred because it was filed after the 90-day limitations period had expired.
 
 II
 
 3
 Under Fed.R.Civ.P. 3, "[a] civil action is commenced by filing a complaint with the court." However, under 28 U.S.C. § 1915(a), the district court may not authorize the commencement of a suit without the payment of fees or until the petitioner files an IFP application. This case presents a situation involving the interplay of these two requirements. That is, does the fact that Robinson's complaint was received by the court before the limitations period had expired make it timely filed despite his failure to file timely an IFP application?
 
 
 4
 We think that in this context "[f]iling a complaint requires nothing more than delivery to a court officer authorized to receive it." 4 C. Wright and A. Miller, Federal Practice and Procedure § 1052, p. 165. See also Toliver v. County of Sullivan, 841 F.2d 41, 42 (2d Cir.1988); Martin v. Demma, 831 F.2d 69, 71 (5th Cir.1987); Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir.1986); Robinson v. Waterman S.S. Co., 7 F.R.D. 51, 54 (D.N.J.1947). Therefore, Robinson's complaint was filed on June 16 and prior to the expiration of the limitations period. We are supported in this view by the undisputed fact that the basis for Robinson's claim was in possession of the court within the limitations period. Compare Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984). We also note that eventually Robinson was granted leave to proceed as a pauper. Therefore, consistent with the spirit of the federal rules, see 4 C. Wright and A. Miller, Federal Practice and Procedure § 1029, and the liberal treatment accorded pro se petitions, see Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978), we hold that Robinson's Title VII complaint was filed when he delivered his complaint to the clerk.[4]
 
 
 5
 We wish to emphasize that we do not undermine the purposes of § 1915(a). Our holding today does not relieve Robinson of his obligation to either pay the filing fees or file an IFP application before his complaint will be considered by the district court. We hold only that his failure to file timely an IFP application does not bar his otherwise timely filed complaint. Thus, under the circumstances presented, Robinson is entitled to his day in court.
 
 III
 
 6
 Accordingly, we affirm the dismissal of Robinson's work injury claim, and we vacate the order of dismissal relating to the Title VII claim. We remand the Title VII claim for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented on this record and oral argument will not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Robinson claimed that his eyes had been injured as a result of the fire extinguisher accident
 
 
 [2]
 The IFP application submitted with the work injury complaint related only to the work injury by its terms
 
 
 [3]
 The record does not disclose what prompted Robinson to file his IFP application so late
 
 
 [4]
 In light of our disposition, we need not reach Yellow Freight's alternative contention that Robinson was entitled only to partial tolling of the limitations period