902 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James E. HOPPER, Plaintiff-Appellant,
v.
THE RYLAND GROUP, INC.; Neil Brown, Defendants-Appellees.
 No. 90-2636.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 2, 1990.
Decided April 18, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (C/A No. 90-51-C-C-P)
 James E. Hopper, appellant pro se.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James E. Hopper appeals from the district court's order dismissing his suit against his former employer for injuries sustained in the course of his employment, for failure to provide medical treatment, and for denying benefits provided for under defendant's benefit plans. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Hopper v. Ryland Group, Inc., C/A No. 90-51-C-C-P (W.D.N.C. Feb. 23, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Hopper's claim was properly dismissed since his exclusive remedy was under the North Carolina Workmen's Compensation Act, N.C.Gen.Stat. Sec. 97-10.1. See Barrino v. Radiator Specialty Co., 315 N.C. 500, 340 S.E.2d 295 (1986); Stack v. Mecklenburg County, 86 N.C.App. 550, 359 S.E.2d 16, reh. denied, 321 N.C. 121, 361 S.E.2d 597 (1982). To the extent that Hopper's claims are grounded in tort or contract, we note that he has neither alleged diversity jurisdiction, nor does he appear to be of diverse citizenship from his employer. Accordingly, the district court was without jurisdiction to hear these claims