PEGGY SMALLWOOD AND CRAIG MORNING, PLAINTIFFS v. CURTIS ANTHONY EASON, PERDUE FARMS, INC., DWAYNE MORNING AND LAURA ANN GRANT, DEFENDANTS

No. COA95-713

(Filed 3 September 1996)

**Workers' Compensation § 141 (NCI4th)— employees injured while leaving work—applicability of Act—no jurisdiction in trial court**

Plaintiffs were still within the scope of their employment at the time the collision in question occurred so that the Workers' Compensation Act was applicable, the Industrial Commission was thus the proper forum for their actions and the trial court was without jurisdiction where the evidence tended to show that plaintiffs' injuries occurred just moments after their shift had ended; they were being transported out of defendant employer's maintenance garage area to an after work destination when the accident occurred; the accident occurred on a road which provided the only ingress and egress to and from the plant area; the

accident occurred when plaintiff driver collided with a forklift left by defendant employee partially on the road; and the time, place, and circumstances surrounding the injury mandated a conclusion that the accident was in the course of plaintiffs' employment.

**Am Jur 2d, Employment Relationship § 284; Master and Servant § 427; Workers' Compensation §§ 266, 270.**

**Injury while crossing or walking along railroad or street railway tracks, going to or from work, as arising out of and in the course of employment. 50 ALR2d 363.**

**Coverage of injury occurring between workplace and parking lot provided by employer, while employee is going to or coming from work. 4 ALR5th 585.**

Judge GREENE dissenting.

Appeal by plaintiffs from directed verdict entered 29 March 1995 by Judge W. Russell Duke, Jr., in Bertie County Superior Court. Heard in the Court of Appeals 1 March 1996.

*Gray, Newell and Johnson, L.L.P., by Angela Newell Gray and Mark V.L. Gray, for plaintiff appellants.*

*Haynsworth, Baldwin, Johnson and Greaves, P.A., by Charles P. Roberts III and Brian M. Freeman, for defendant appellees.*

SMITH, Judge.

Before addressing any of the substantive issues posed by this appeal, we first contend with plaintiff appellants' failure to compile a record on appeal in accordance with N.C.R. App. P. 9 (1996). It is appellants' duty and responsibility to see that the record is in proper form and complete. *See State v. Alston,* 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983); *Tucker v. General Tel. Co. of the Southeast,* 50 N.C. App. 112, 118, 272 S.E.2d 911, 915 (1980). Plaintiffs have failed in this duty.

The record has been styled incorrectly, in that the index page lists Guilford County as the county in which the judgment appealed from took place. Rendition of the directed verdict appealed from occurred in the Superior Court of Bertie County—not Guilford County. This incorrect listing of the county not only violates N.C.R. App. P. 9(a)(1)(b), but also directs this Court to issue its mandate to

an incorrect court. *See* N.C.R. App. P. 32. The record is not paginated in the manner prescribed by N.C.R. App. P. 9(b)(4), causing this Court to waste its time in its review of the record, and in searching for information referenced in the briefs. Appellant has also included trial memoranda in the record which address issues arising from defendant Perdue's motion for summary judgment prior to trial. These materials are not relevant to the assignments of error addressed to this Court on appeal (although they address similar issues), and to some extent, they reduce the appellate briefs to redundancy. *See* N.C.R. App. P. 9(b)(2). Due to these errors, appellants' counsel will be personally taxed with the costs of printing the memoranda of law filed in the trial court and included in the record on appeal. *Id.*

Plaintiffs assign error to the trial court's grant of defendants' motion for a directed verdict at trial, and to the admission of evidence concerning plaintiffs' health insurance coverage with the employer-defendant. We reach only the first issue. Because the trial court lacked subject matter jurisdiction under the exclusivity provisions of the North Carolina Workers' Compensation Act, we affirm. *See* N.C. Gen. Stat. § 97-9 (1991) and § 97-10.1 (1991).

The question presented by defendants' motion for a directed verdict is whether all the evidence supporting plaintiffs' claim, taken as true, considered in the light most favorable to plaintiffs, and given the benefit of every reasonable inference in plaintiffs' favor is sufficient for submission to the jury. *Tripp v. Pate*, 49 N.C. App. 329, 332-33, 271 S.E.2d 407, 409 (1980). If there is more than a scintilla of evidence supporting each element of a plaintiff's claim, the motion should be denied. *Broyhill v. Coppage*, 79 N.C. App. 221, 226, 339 S.E.2d 32, 36 (1986).

Keeping this standard of review in mind, plaintiffs' evidence tended to show the following facts. Craig Morning, Peggy Smallwood, Dwayne Morning and Curtis Eason were employees of defendant Perdue Farms, Inc. (Perdue) at all times relevant to this dispute. Defendant Eason's actions were all within his function as an employee of defendant Perdue, and for purposes of our analysis here, his actions are imputed to his employer. *See generally, B. B. Walker Co. v. Burns International Security Services*, 108 N.C. App. 562, 565, 424 S.E.2d 172, 174, *disc. review denied*, 333 N.C. 536, 429 S.E.2d 552 (1993) (discussing the doctrine of *respondeat superior*). On 23 March 1990 at approximately 2:30 a.m., plaintiffs Peggy Smallwood and Craig Morning were picked up after their shift at Perdue Farms main-

tenance garage by plaintiff Morning's brother, defendant Dwayne Morning. Dwayne Morning was driving an automobile owned by Laura Grant. (Upon motion of plaintiffs pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(2) (1990), claims against defendants Dwayne Morning and Laura Grant have been dismissed without prejudice by the trial court.)

At about the same time, a forklift driven by defendant Curtis Eason stalled in the road adjacent to the Perdue facilities. Eason was unable to move the forklift totally out of the road, thus leaving a portion of the forklift obstructing the roadway. This road is the only means of ingress and egress from the Perdue facility. Though open to the general public, no homes or businesses other than Perdue front the road. Generally speaking, this road is primarily used to move Perdue equipment from one portion of the facility to another and to provide employee access to the Perdue facility.

Shortly after leaving the Perdue garage, the car in which plaintiffs and Dwayne Morning were riding struck the stalled forklift. Trial testimony indicated that the stalled forklift would have been difficult to see in the dark, due to the poor lighting conditions on the road and lack of lights or reflectors on the forklift. Neither the driver of the car, Dwayne Morning, nor the passenger-plaintiffs saw the forklift prior to impact. On 9 March 1993, plaintiffs filed their complaint in Guilford County Superior Court, seeking to recover damages from defendants Curtis Eason, Perdue Farms, Dwayne Morning, and Laura Grant (the owner of the automobile) as a result of alleged negligence.

---

## I. Plaintiffs' Scope of Employment

The threshold question presented by this appeal is whether plaintiffs were still within the scope of their employment at the time the collision with the Perdue forklift occurred. If the injuries suffered by plaintiffs arose out of and in the course of their employment, the appropriate remedial avenue was through North Carolina's Workers' Compensation Act (Act) under N.C. Gen. Stat. § 97.10.1, not the common law of negligence. *See McAllister v. Cone Mills Corp.*, 88 N.C. App. 577, 580, 364 S.E.2d 186, 188 (1988); *Freeman v. SCM Corporation*, 311 N.C. 294, 295-96, 316 S.E.2d 81, 82 (1984) (*per curiam*). If the Act is indeed applicable to the injuries suffered by plaintiffs, then the trial court lacked subject matter jurisdiction over plaintiffs' claims and the proper forum was the Industrial Commission. *Id.*

A determination of whether an injured party is within the scope of her employment for workers' compensation purposes is a mixed question of law and fact. *Culpepper v. Fairfield Sapphire Valley*, 93 N.C. App. 242, 247, 377 S.E.2d 777, 780, *aff'd*, 325 N.C. 702, 386 S.E.2d 174 (1989) *(per curiam)*. An injury is solely compensable under the Act if it "arise[s] out of and in the course of the employment." *Roberts v. Burlington Industries, Inc.*, 321 N.C. 350, 354, 364 S.E.2d 417, 420 (1988); N.C. Gen. Stat. §§ 97.2(6) and 97.10.1. The concepts "arising out of the employment" and "in the course of employment" are indisputedly intertwined, but are nonetheless distinct requirements. *Roberts*, 321 N.C. at 354, 364 S.E.2d at 420. "Arising out of" refers to "the origin or cause of the accidental injury," whereas "course of the employment" is a question oriented to the "time, place, and circumstances under which an accidental injury occurs." *Id.*

In *Bass v. Mecklenburg County*, 258 N.C. 226, 128 S.E.2d 570 (1962), our Supreme Court adopted the position that,

"[i]f the employee be injured while passing . . . over [the premises] of another in such *proximity and relation* as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment . . . *the rule extends to include adjacent premises used by the employee as a means of ingress and egress* with the express or implied consent of the employer."

*Id.* at 232-33, 128 S.E.2d at 575 (emphasis added) (citation omitted). We find *Bass* instructive as to the instant scope of employment question on two fronts.

Plaintiffs' injuries occurred just moments after their shift as part of Perdue's "chicken catching crew" ended. Defendant Morning was in the process of transporting plaintiffs out of Perdue's maintenance garage area, to an after work destination, when the accident occurred. Plaintiffs were present in Perdue's maintenance garage and left via the road adjacent to Perdue, because this was the normal and necessary manner to exit the worksite on the date in question. Plaintiffs had no other means of ingress and egress to and from the plant area, other than via the adjacent road. This same road also served the entire population of the Perdue plant as a means to transport equipment and employees in and among the facility.

The general rule is that, "[w]here any *reasonable relationship* to the employment exists, or employment is a contributory cause, the

court is justified in upholding the award as 'arising out of employment.'" *Harless v. Flynn*, 1 N.C. App. 448, 455, 162 S.E.2d 47, 52 (1968) (quoting *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (1960). In the instant situation, the employee-plaintiffs were where they were because of their employment. The Perdue access road, while ostensibly public, was nevertheless the exclusive way for plaintiffs to get to, and leave, work. The peril faced by plaintiffs, *i.e.*, the disabled forklift, was also in the road due to the adjacent presence of the Perdue plant. In sum, all of these facts point to a proximate and reasonable relation between plaintiffs and their employer at the time of the accident. The injuries suffered by plaintiffs thus arose out of their employment with Perdue.

Analysis of whether plaintiffs' injuries occurred in the course of their employment is determined by reference to (1) the time, (2) place, and (3) circumstances surrounding the accident. *Culpepper*, 93 N.C. App. at 251-52, 377 S.E.2d at 783; *Roberts*, 321 N.C. at 354, 364 S.E.2d at 420. Course of employment is a broad concept, which "continues for a *reasonable time* after work ends, and may include time spent going to or coming from work." *Culpepper*, 93 N.C. App. at 252, 377 S.E.2d at 783. In the instant case, plaintiffs' injury occurred almost immediately after having left the Perdue garage, and immediately after their employment related duties had ceased. The time frame between the cessation of formal work related duties, and the accident, was therefore slight.

As stated earlier, the place requirement also extends to "adjacent premises used as a means of ingress and egress to the employer's premises." *Id.* In this case, Perdue did not own the road on which plaintiffs were injured. However, the road was dedicated by its use and location to employer related purposes. According to the record, Perdue is essentially "landlocked," save for this single road. This access road is the sole means of access to the Perdue facility and it is inextricably integral to the business as a whole. These factors, among the others present, lead us to conclude that plaintiffs were still within the scope of employment at the time of the accident.

The circumstances of the accident were also Perdue-centered. Plaintiffs were travelling on a road which also served as a transportational infrastructure for the Perdue plant itself. The road was used by Perdue as the central means for transporting machinery, like the instant forklift, from one area of its sprawling facility to another. Generally, accidents which occur en route to work, or during the

SMALLWOOD v. EASON

[123 N.C. App. 661 (1996)]

travel away from work, are not considered within the scope of employment. *Maurer v. Salem Co.*, 266 N.C. 381, 382, 146 S.E.2d 432, 433-34 (1966). This general rule is not absolute. When an employee is injured while travelling on property closely tied or annexed to his employer, that "injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance." *Bass*, 258 N.C. at 233, 128 S.E.2d at 575 (quoting *Bountiful Brick Co. v. Giles*, 276 U.S. 154, 158, 72 L.Ed 507, 509 (1928)). Thus, the circumstances of this case appear to place plaintiffs' injuries squarely within the exception to the general scope of employment rule.

Viewed together, the time of the accident, the place the injury occurred, and the circumstances surrounding that injury, mandate a conclusion that the accident resulting in injuries was in the course of plaintiffs' employment. *See Culpepper*, 93 N.C. App. at 251-54, 377 S.E.2d at 783-84.

## II. Subject Matter Jurisdiction:
## Industrial Commission or Superior Court?

Having concluded that plaintiffs' injuries occurred within the scope of their employment, we now hold plaintiffs' negligence claim was not properly brought in superior court, as that forum lacked subject matter jurisdiction over plaintiffs' claims. We note at the onset that the question of subject matter jurisdiction may be raised at any time, even on appeal. *McAllister*, 88 N.C. App. at 579, 364 S.E.2d at 188; N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (1990). Our Workers' Compensation Act provides the exclusive remedial avenue for plaintiffs' negligence claims. The exclusive remedy portion of our Act unambiguously states:

> If the employee and employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative *shall exclude all other rights and remedies of the employee . . . as against the employer at common law or otherwise* on account of injury or death.

N.C. Gen. Stat. § 97-10.1 (emphasis added); *Stack v. Mecklenburg County*, 86 N.C. App. 550, 552, 359 S.E.2d 16, 17 (The Act is the "exclusive means of recovery for personal injuries resulting from the willful, wanton and reckless negligence of an employer."), *disc. review denied*, 321 N.C. 121, 361 S.E.2d 597 (1987).

This exclusivity rule is not a novel legal reality, as numerous cases have enunciated its applicability to cases like the instant one. *McAllister*, 88 N.C. App. at 580, 364 S.E.2d at 188; *Stack*, 86 N.C. App. at 552, 359 S.E.2d at 17; *Freeman*, 311 N.C. at 295-96, 316 S.E.2d at 82. The *Freeman* Court's *per curiam* opinion emphatically noted that

> remedies [for injuries] under the Workers' Compensation Act are exclusive and [plaintiff] is therefore precluded from recovering against her employer in [an] independent negligence action. The trial court properly granted defendant's motion to dismiss for lack of subject matter jurisdiction.
>
> \* \* \* \*
>
> We wish to make it abundantly clear that in fact plaintiff had no "selection" as to the appropriate avenue of recovery for her injuries.
>
> \* \* \* \*
>
> [Plaintiff's] rights and remedies against defendant employer were determined by the Act and she was required to pursue them in the North Carolina Industrial Commission.

*Id.* at 295-96, 316 S.E.2d at 82. Given our earlier analysis establishing plaintiffs' injuries as within the ambit of their employment, plaintiffs' claims are controlled by the edict of *Freeman*. Since the instant plaintiffs' injuries are "covered by the Act, the right to bring an independent negligence action against the employer is barred by the existence of the workers' compensation remedy." *Stack*, 86 N.C. App. at 554, 359 S.E.2d at 18.

Apparently, no claim for workers' compensation was ever filed by the defendant employer in this case, even though notice was provided to Perdue that injuries had occurred due to plaintiffs' collision with the forklift. Based on Perdue's failure to so file, plaintiffs maintain the exclusivity rule does not apply, as "there is no provision in the North Carolina Act requiring an injured employee to file a claim for compensation for his injury with the North Carolina Industrial Commission . . . . It is the employer's duty to file a claim with the Industrial Commission in order to invoke that court's jurisdiction." This argument ignores a significant body of our law which holds to the contrary.

**SMALLWOOD v. EASON**

[123 N.C. App. 661 (1996)]

N.C. Gen. Stat. § 97-92(a) (1991) requires an employer to report any injury by accident if it keeps the employee from work for more than one day. *Knight v. Cannon Mills*, 82 N.C. App. 453, 465, 347 S.E.2d 832, 840, *disc. review denied*, 318 N.C. 507, 349 S.E.2d 861 (1986). Failure to abide by the reporting requirements subjects the employer to a penalty for noncompliance. *Id.*; *see* N.C. Gen. Stat. § 97-92(e). However, "this notice requirement does not invoke the jurisdiction of the Commission without the *employee* filing a claim." *Id.* (emphasis added) (citing *Perdue v. Daniel International, Inc.*, 59 N.C. App. 517, 518-19, 296 S.E.2d 845, 846-47 (1982), *disc. review denied*, 307 N.C. 577, 299 S.E.2d 647 (1983). The burden is squarely on the plaintiffs to ensure that a claim is timely filed with the Commission, *Dowdy v. Fieldcrest Mills, Inc.*, 308 N.C. 701, 705, 304 S.E.2d 215, 218 (1983), *reh'g denied*, 311 S.E.2d 590 (1984), absent some showing of misconduct by the employer which prevented the employee from making the required filing. See *Knight*, 82 N.C. App. at 467-68, 347 S.E.2d at 841-42 (withholding knowledge that exposure to cotton dust may cause lung disease may raise the issue of estoppel against employer). In the instant case, plaintiffs failed to invoke the jurisdiction of the Commission by filing a claim, and no *Knight*-type exception applies on the facts presented by the record.

For the above-stated reasons, we hold that plaintiffs' complaint states a claim exclusively compensable under the Workers' Compensation Act. The superior court was without subject matter jurisdiction to hear plaintiffs' claim, and the trial court properly granted defendants' motion for directed verdict in favor of defendant Perdue and its employee Curtis Eason. Accordingly, the trial court is affirmed. Costs of printing the memoranda of law included in the record on appeal will be taxed to plaintiffs' counsel personally.

Affirmed.

Judge LEWIS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I do not agree with the majority that the plaintiffs' injuries arose out of and were sustained in the course of their employment with Perdue. The plaintiffs had left their employment with Perdue and

SMALLWOOD v. EASON

[123 N.C. App. 661 (1996)]

were going home. The road on which they were traveling at the time of the collision was a state public road which was not controlled or maintained by Perdue.

The general rule is that injuries sustained by employees travelling to and from work do not arise in the course of employment. *Barham v. Food World*, 300 N.C. 329, 332, 266 S.E.2d 676, 678, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980). Our courts have recognized an exception to this general rule providing that injuries sustained by an employee "going to and from work" do arise in the course of the employment if those injuries are sustained while on the employer's premises. *Id.* at 332, 266 S.E.2d at 679. Our courts have specifically held that the "premises" exception applies only if the place where the injuries were sustained was either owned, maintained, or controlled by the employer. *Royster v. Culp, Inc.*, 343 N.C. 279, 282, 470 S.E.2d 30, 31 (1996); *Jennings v. Backyard Burgers of Asheville*, 123 N.C. App. 129, 131, 472 S.E.2d 205, 207-08 (1996). This is so even if the accident occurs at a place the employee is required to traverse in order to access his actual place of employment. *Royster*, 343 N.C. at 281, 470 S.E.2d at 31 (injuries sustained by employee crossing non-owned street to access workplace from parking lot where employee was required to park not within scope of premises exception).

In this case there is no evidence that Perdue owned, maintained or controlled the road on which the accident occurred. I would therefore hold that the plaintiffs were not in the course and scope of their employment with Perdue at the time of the accident and that the trial court had subject matter jurisdiction over this case. Furthermore, because I believe the evidence presented by the plaintiffs, when considered in the light most favorable to the plaintiffs, justify submitting this case to the jury, I would reverse the entry of directed verdict for the defendants and remand for trial.